## Griffith Estate

*Walter C. Herrmann*, for accountant.

*George M. Spence*, for exceptant.

NELSON, P. J., July 14, 1952. — Isaac W. Griffith died testate April 6, 1927, leaving to survive him his widow, Dora B. Griffith, and one child, Mary Griffith Dooley. Decedent's will, dated June 24, 1926, provides inter alia, as follows:

"Item: I give and bequeath to my beloved wife, Dora B. Griffith, all of my personal estate of which I may die possessed, in trust, however, with the income therefrom payable to my said beloved wife, Dora B. Griffith, during her lifetime. And at the death of my said beloved wife, Dora B. Griffith, and the termination of the trust imposed, I give and bequeath all of my personal property, except as hereinafter provided, to my daughter, Mary, intermarried with H. Jordan Dooley, to have and to hold the same absolutely. But in the event of the death of my said daughter, Mary, before the termination of the trust, aforesaid, I give and be-

queath all of my said personal property to my granddaughter, Mary Griffith Dooley, after the termination of said trust. Item: It is my will and I direct that should my said beloved wife, Dora B. Griffith, Trustee above named, find during her lifetime that the income from my personal estate which she holds in trust is insufficient for her comfortable maintenance and support, at her discretion she may dispose of any or all of said personal property for that purpose, likewise should my beloved wife, Dora B. Griffith, find it to a financial advantage to dispose of any of the personal property held by her in trust, she is hereby empowered so to do, providing that the funds realized from the disposition of said personal property be reinvested. This clause, however, to in no way restrict my said beloved wife from the sale or disposition of any of the trust property for her maintenance and comfortable support, as aforesaid."

The first and final account of H. Jordan Dooley, executor of the last will and testament of Isaac W. Griffith, deceased, was confirmed absolutely in March 1930. The accountant claimed credit for distribution to Dora B. Griffith, decedent's widow, as trustee under the testamentary trust, of $41,389.18 in cash and securities.

Dora B. Griffith died testate August 26, 1949, without filing any account as trustee under the will of her husband. By her will she provided:

"I, Dora B. Griffith, do hereby bequeath all the Southern California Edison stock in my name and the G. C. Murphy stock also in my name to Nancy J. Cornelius and Earl James Cornelius, Jr., share and share alike."

Testatrix appointed Dr. Earl Cornelius as the executor of her will, and letters testamentary were issued to him on September 16, 1949.

On petition of Mary Griffith Dooley, daughter of Isaac W. Griffith, the remainderman under the above-

quoted provision of the will of testator, this court issued a citation, directed to Dr. Cornelius requiring him to show cause why he should not state and file with this court the account of Dora B. Griffith as trustee of the trust created under the last will and testament of Isaac W. Griffith, deceased, and further to show cause why the corpus of the trust and any accrued income should not be delivered to Mary Griffith Dooley, aforesaid.

On or subsequent to October 19, 1950, Dr. Cornelius filed an inventory in the amount of $6,102.02 with the clerk of this court, setting forth what purported to be that part of the corpus of the testamentary trust not consumed by Dora B. Griffith during her lifetime. At the same time Dr. Cornelius filed his first and final account as executor of the last will and testament of Dora B. Griffith, deceased, trustee under the will of Isaac W. Griffith, deceased. This account charged the accountant only with the $6,102.02 as shown in the inventory. Exceptions to this account were filed by the remainderman, Mary Griffith Dooley.

The question for decision is whether the executor of a deceased trustee who held personal property in trust for herself for life, with remainder to her daughter, is required to file an account covering the entire period of the trust, where the trustee was given the income from the trust for her lifetime, with the right to dispose of any or all of the principal if she found that the income was not sufficient for her comfortable maintenance and support.

The accountant maintains that Dora B. Griffith was a life tenant with power of consumption under the terms of her husband's will, and that she was under no duty to account for what she did in her lifetime, that the only duty of her executor, in stating an account on her behalf as trustee under her husband's will, was to account for so much of the principal of the trust as remained at her death.

The remainderman, however, maintains that the executor of the deceased trustee is bound to file an account which covers the administration of the testamentary trust during the lifetime of Dora B. Griffith, the life beneficiary and trustee under the trust.

The reading of the will of Isaac W. Griffith, deceased, leaves no doubt that testator bequeathed his personal estate to his widow, Dora B. Griffith, as trustee for herself for life, with remainder to his daughter, or to his granddaughter, if his daughter should predecease his wife. Testator provides:

"I . . . bequeath to my beloved wife, Dora B. Griffith, all of my personal estate . . . *in trust* . . . with the *income* therefrom payable to . . . Dora B. Griffith, during her lifetime. And at the death of my said beloved wife . . . *and the termination of the trust imposed*, I give and bequeath all of my personal property . . . to my daughter. . . . But in the event of the death of my said daughter, Mary, *before the termination of the trust, aforesaid* I give and bequeath all of my said personal property to my granddaughter, . . . , after the termination of said trust . . ." (Italics supplied.)

The following item in the will refers to testator's wife as "Dora B. Griffith, *Trustee* above named," and further refers to *"my personal estate which she holds in trust."* (Italics supplied.)

The fact that testator made his wife trustee for herself for life and also for the remaindermen is not legally objectionable: Erdman Estate, 352 Pa. 158, 163.

The testator provided in his will that if his wife, the testamentary trustee, found that the income from the personal estate which she held in trust was "insufficient for her comfortable *maintenance and support*, at her discretion she may dispose of any or all of said personal property *for that purpose*. . . ." (Italics supplied.)

Testator's widow was entitled to the income from

the trust estate for her lifetime, and since it was her own property she need not account for it: Powell Estate 340 Pa. 404, 409.

Disposition of the principal of the trust would appear to be in a different category than disposition of the income. Having determined that testator's widow held the principal as trustee, and it appearing that she was permitted to dispose of principal only for her comfortable maintenance and support, it follows that she, like any other trustee, is accountable for her stewardship. In Erdman Estate, supra, at pages 160 and 161 the court said:

"The court imposed a surcharge upon the accountant in the sum of $6,401.09 because—since the widow had not been given any right to principal—she had to account for the assets she consumed. By obvious error the court imposed an additional surcharge of $6,000 arising from its disallowance of credit for the note; while the disallowance was proper *it is clear that the executrix could* not be held to account for more than the net balance stated in her original account; . . .". (Italics supplied.)

It is but a short step from the decision holding a trustee without power of consumption accountable for the consumption of principal to holding a trustee with power of consumption for a limited purpose accountable for principal.

It has been held that where a life beneficiary and cotrustee obtained a part of the principal of the trust fund in bad faith, although testator had authorized the trustees to pay any or all of the principal to such beneficiary and cotrustee if they deemed it necessary for her comfort, the executor of the estate of such cotrustee would be directed to refund such improperly obtained principal from the life beneficiary's individual estate to the principal of the trust estate: Saurmann's Est., 39 D. & C. 629. The trustee for herself and the

remaindermen must administer the trust estate in good faith. As was said in Tyson Estate, 191 Pa. 218 at 228:

"The test in all such cases is the good faith of the action of the beneficiary. If it is an honest exercise of the discretion with which the testator has clothed him his action is conclusive, but he cannot be permitted to to make use of the mere form to defeat or evade the true intent and pervert the gift to a different purpose."

Isaac W. Griffith, deceased, clearly indicates in his will that so much of the principal of his personal estate as his wife does not dispose of for her maintenance and support is to go to his daughter, Mary Griffith Dooley, if she survives his wife. The only way to determine how much of the principal was used by the trustee for her support and maintenance is for her executor to file an accounting as to the principal of the trust estate. See Lyman Estate, 75 D. & C., 344, 346. Such an accounting, to be complete, must necessarily commence with the amount distributed to the trustee by the executor of her husband's estate and not with the amount of the property which the executor of the trustee says he found in her possession as trustee at the time of her death. The accounting period adopted by the accountant in this estate, if approved, would preclude this court from determining whether or not the trustee had carried out the intentions of the testator as set forth in his will, by preventing any inquiry into the disposition of the trust estate by the trustee during her lifetime. To state such a proposition is to demonstrate its untenability.

In view of the testimony of Dr. Earl Cornelius as to the difficulty, if not impossibility, of stating the account of the deceased trustee, the court will appoint an auditor to state such account, as provided for in section 601(3) of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.601(3).

It appears that the accounting in the trust estate may involve the right to certain stock dividends. Since the testamentary trust in this estate was created under a will probated in 1927 the several Principal and Income Acts will not be applicable to it, and apportionment, if any, in such accounting should be based on the so-called Pennsylvania Rule; see Crawford Estate (1949), 362 Pa. 458.

*Order*

And now, July 14, 1952, Herbert H. Silverstone is hereby appointed as an auditor to state the first and final account of Dr. Earl Cornelius, executor of the last will and testament of Dora B. Griffith, deceased, trustee under the will of Isaac W. Griffith, deceased. The said account shall not include receipts or disbursements of income, but shall include receipts and disbursements of principal of the trust estate since the inception of the testamentary trust.